IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JUAN P. GUERRERO**                                                                          **PETITIONER**

**v.**                                               **CIVIL ACTION NO. 1:07-cv-999-LG-JMR**

**JOSEPH STUART, Sheriff of Pearl River County; and**
**STEVE GARBER, Sheriff of Hancock County**                    **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PETITIONER'S COMPLAINT

The Petitioner, an inmate of the Harrison County Detention Center, Gulfport, Mississippi, filed a petition for habeas corpus relief and requested *in forma pauperis* status. Upon a review of the petition submitted, the Court determined that Petitioner had failed to provide basic information regarding his claims and incarceration. Therefore, on September 13, 2007, an order [5] was entered directing Petitioner to file an amended petition, within twenty days.[1] The order also warned Petitioner that his failure to timely comply with any order of this Court may result in the dismissal of this case. Petitioner failed to comply with the Court's order.

On October 25, 2007, an order [8] was entered directing Petitioner, within twenty days, to show cause why this case should not be dismissed for his failure to comply with the Court's September 13, 2007 order. In addition, Petitioner was directed to comply with the order by

---

1. Specifically the order directed Petitioner's amended petition to provide the following information: (a) the date of his arrest; (b) the name of the law enforcement agency that arrested the Petitioner; (c) the pending charges that are the basis for the Petitioner's current incarceration; (d) if Petitioner is represented by counsel in the criminal case responsible for his current incarceration; (e) if the Petitioner has had a court appearance related to his current incarceration, and if so, the date of the hearing or proceeding, the name of the court which conducted the hearing or proceeding, and the results of any hearing or proceeding; and (f) the relief Petitioner is requesting from this Court in this case.

filing his amended petition, within twenty days.  The Petitioner was warned in this Court's order of October 25, 2007, that failure to timely comply with the requirements of the order may lead to the dismissal of his case.

On November 8, 2007, Petitioner filed three documents in this case.  Two of the documents [9, 11] were additional motions to proceed *in forma pauperis*.  The remaining document [10] filed on November 8, 2007, is a copy of Petitioner's Acknowledgment of Receipt and Certification regarding information about the Prison Litigation Reform Act.[2]

On January 3, 2008, an order [12] was entered denying Petitioner's subsequent motions to proceed *in forma pauperis* as moot and Petitioner was directed to comply with the Court's orders of September 13, 2007, and October 25, 2007, by filing his amended petition, within fifteen days.  Petitioner was warned in this Court's order of January 3, 2008, that failure to timely comply with the requirements of the order would lead to the dismissal of his case, without further notice to the Petitioner.

The Petitioner has failed to respond to three Court orders.   It is apparent from the Petitioner's failure to communicate with this Court that he lacks interest in pursuing this claim.  This Court has the authority to dismiss an action for the Petitioner's failure to prosecute under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties

---

 2. This form applies to civil rights complaints filed by prisoners pursuant to 42 U.S.C. § 1983.  Petitioner currently has four § 1983 cases pending in this Court.

seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Petitioner has not complied with three court orders, nor has he contacted this Court since November 8, 2007.  The Court concludes that dismissal of this action for Petitioner's failure to prosecute under Fed.R.Civ.P.41(b) is proper.  Since the Respondents have never been called upon to respond to the Petitioner's pleading, and have never appeared in this action, and since the Court has never considered the merits of Petitioner's claims, the Court's order of dismissal will provide that dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Petitioner's petition for a writ of habeas corpus shall be dismissed without prejudice.  A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 22nd day of February, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE